**UNITED STATES of America,**
**Plaintiff,**

v.

**B. W. McCANN, aka Bert Walter McCann**
**et al., Defendants.**

**Civ. No. 3455–SD–C.**

United States District Court
S. D. California, S. D.

July 1, 1966.

Manuel L. Real, U. S. Atty.; Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Division; Donald M. Fenmore, Asst. U. S. Atty., for United States of America.

Higgs, Fletcher & Mack, San Diego, Cal., for B. W. McCann and Lora McCann.

Hyne, Swirsky & Knauf, Robert C. Knauf, Oceanside, Cal., for Oceanside Federal Savings and Loan Association.

MEMORANDUM OF DECISION

JAMES M. CARTER, Chief Judge.

26 U.S.C. § 6503(b), states that the period of limitations "shall be suspended

for the period the assets of the taxpayer are in the *control or custody* of the court in any proceeding before any court of the United States * * * and for 6 months thereafter." In the present case the government filed its lien just over six years from the date of assessment so that if the exempt property ever was in the "custody and control" of the bankruptcy court, the additional six month period will protect the government.

The section leaves much to be desired in definiteness and clarity, and various situations may be spelled out in which real problems would arise. However, in the present case the factual situation is clear. The defendants, Mr. and Mrs. McCann claimed as exempt in a bankruptcy proceeding, a parcel of real property which they had homesteaded and it was set aside to them as exempt by the bankruptcy court.

■ The trustee takes title to all property of the bankrupt except exempt property. Bankruptcy Act § 70, 11 U.S.C. § 110. But the Bankruptcy court still must determine if the property is exempt.

■ "It is true that title to exempt property does not vest in the trustee, and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt,' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt. * * * In other words, the property is not automatically exempted, but must "pass to the trustee as a part of the estate," * * * not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. *Custody and possession* may be necessary to carry out these duties * * *" Chicago, Burlington & Quincy RR v. Hall, 229 U.S. 511, 515, 516, 33 S. Ct. 885, 886, 887, 57 L.Ed. 1306 (1913).

■■ It is therefore possible for the Bankruptcy court to have control over the property even though the trustee does not have title. As stated by the Ninth Circuit: "The fact that the act conferred on the bankruptcy court authority to *control* exempt property, in order to set it aside, does not mean that the court can administer it as an asset of the estate." Baumbaugh v. Los Angeles Morris Plan Co., 30 F.2d 816 (9th Cir. 1929).

■ The Bankruptcy court therefore had custody and control of the homesteaded property for purposes of determining the exemption. This would fall under the proviso in 26 U.S.C. § 6503(b) and give the government another six months to collect the taxes. The collection was begun within six years and six months of assessment and the motion for partial summary judgment should be and is hereby denied.