*329
 
 SNEED, Circuit Judge:
 

 The United States was granted summary judgment in its action against appellants brought in May, 1976 to reduce judgment an unpaid income tax assessment made in July, 1969. The district court denied the challenge to the timeliness of the government’s action, correctly holding that under 26 U.S.C. § 6503(b) and
 
 McAuley v. United States,
 
 525 F.2d 1108 (9th Cir. 1975), the taxpayers’ bankruptcy had the effect of suspending the running of the six-year statute of limitations period for one year, thereby making this action timely. We affirm.
 

 Section 6503(b) suspends the running of the six-year limitations period provided in 26 U.S.C. § 6503(a) when “the assets of the taxpayer are in the control or custody of the court . . . and for six months thereafter.” In
 
 McAuley v. United States, supra,
 
 this court held that a bankruptcy court has custody or control of the taxpayer’s assets for purposes of section 6503(b) from the beginning of bankruptcy until six months after the first creditors’ meeting. That is, suspension lasts “until six months after the date of the first creditors’ meeting, and for an additional six months thereafter.”
 
 Id.
 
 at 1114. Thus, under the basic holding of
 
 McAuley,
 
 the government’s action was timely made.
 

 The appellants, however, argue that their bankruptcy was for purposes of suspending limitations a “no-asset” bankruptcy since most of the assets were exempt. In footnote 7 of the
 
 McAuley
 
 case, 525 F.2d at 1114 n.7, this court suggested that section 6503(b) does not suspend the statute of limitations period during a “no-asset bankruptcy. The district court in the instant case expressly rejected appellants’ contention because the language used by this court in
 
 McAuley
 
 was clear that a “no-asset” bankruptcy means what it says: there must be no assets, be they exempt or nonexempt. The district court correctly limited the dictum in footnote 7 in
 
 McAuley
 
 to bankruptcies without any assets whatsoever. To extend that footnote to include exempt-asset bankruptcies would introduce the very factual questions that Congress and this court have sought to avoid.
 
 McAuley v. United States, supra,
 
 525 F.2d at 1112-13.
 

 The district court also ruled that under section 17(A)(1) of the Bankruptcy Act the taxpayers’ bankruptcy did not discharge the pre-bankruptcy liens for taxes that became due and owing more than three years before bankruptcy. Section 17(A)(1) provides: “[A] discharge in bankruptcy shall not release or affect any tax lien.” Since the government filed tax liens for all the tax years in dispute, appellants’ tax liabilities, insofar as they could be satisfied from proceeds of preexisting liens, were nondischargeable.
 

 Affirmed.
 

 . We, therefore, do not reach appellant’s underlying argument that California would consider her an “heir” under Section 377 because of her rights, if any, under English law.