508 F.Supp. 110 (1980)
UNITED STATES of America, Plaintiff,
v.
William Joseph COPLEY, Defendant.
No. 79-974C(3).
United States District Court, E. D. Missouri, E. D.
December 23, 1980.
*111 Ann T. Shapleigh, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Kent Karohl, Sestric, Karohl, LaBarge, Korum & Russell, Kirkwood, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This is an action brought by the United States to reduce to judgment certain assessments of federal income taxes and statutory additions made against the defendant for the years 1961 through 1964. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1340. The defendant has moved for summary judgment on the ground, inter alia, that this action is barred by the six-year limitations period prescribed by I.R.C. § 6502(a) (1966). The material facts are few in number and are not in dispute. They are set forth in the following paragraph:
Defendant filed a voluntary petition in bankruptcy in the United States Court for the Eastern District of Missouri on March 27, 1967, and the first meeting of creditors in defendant's bankruptcy proceeding was held prior to June 1, 1967. Assessments for all taxes and additions thereto which form the subject matter of this action were made on February 2, 1968. The instant action was filed on August 10, 1979.
Internal Revenue Code § 6502(a) (1966) provides in relevant part: "Collection after assessment (a) Length of Period.Where the assessment of any tax imposed by this title has been made ... such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun(1) within 6 years after the assessment of the tax." Internal Revenue Code § 6503 (1978) provides for the suspension of the running of the period of limitations in certain circumstances, and reads in relevant part: "(b) Assets of taxpayer in control or custody of court.The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States ... and for 6 months thereafter." The defendant's limitations argument is based on the interpretation of § 6503(b) given in McAuley v. United States, 525 F.2d 1108 (9th Cir. 1975), under which the period of limitations is suspended only until one year after the first creditors' meeting, as explained below. The plaintiff contends that the limitations period did not begin to run until six months after defendant's bankruptcy proceeding was ended on February 14, 1973, and that the limitations period expired six years afterward, on August 14, 1979, four days after this action was filed.
The issue is thus sharply defined: for purposes of applying § 6503(b), are the assets of the taxpayer-bankrupt considered to be in the control or custody of the bankruptcy court for the entire duration of the bankruptcy proceeding, as the government contends, or are the assets in the bankruptcy court's control or custody for some shorter period, as defendant contends? The issue was squarely presented in McAuley, *112 supra. In McAuley, the Ninth Circuit, after observing that § 6503(b) and the related regulation, if read literally, would require a difficult factual determination, held that the period of limitations is suspended only until six months after the date of the first creditors' meeting and for an additional six months as provided by § 6503(b).[*] The court, noting that the time for filing claims against the bankrupt's estate normally expired six months after the first creditors' meeting, pursuant to Bankruptcy Act § 57n (repealed 1978, but effective at the time of defendant's bankruptcy), reasoned that suspension was only appropriate during the period of uncertainty for the government as to whether there would be sufficient assets in the bankrupt's non-exempt estate to satisfy its claim. After all claims had been filed, the government would be on notice whether or not it would need to file an independent collection action against the bankrupt's exempt assets. (The court also reasoned that in the normal bankruptcy case, the bankrupt's non-exempt assets cease to belong to the bankrupt, for all practical purposes, once all claims have been filed.)
The government argues that this Court should decline to follow McAuley, supra, and should instead follow United States v. Malkin, 317 F.Supp. 612 (E.D.N.Y.1970).[**] However, this Court finds Malkin unpersuasive for the same reason the McAuley court found Malkin unpersuasive: it gave undue weight to the language of I.R.C. § 6873, which provides that a taxpayer shall pay any unpaid portion of a claim for taxes allowed in a bankruptcy proceeding "upon notice and demand from the Secretary or his delegate after the termination of such proceeding," in view of the fact that the government is not barred from instituting an action to collect the assessed taxes during the pendency of the bankruptcy proceeding.
Because the first creditors' meeting in defendant's bankruptcy proceeding was held prior to June 1, 1967, the limitations period began to run one year thereafter, on June 1, 1968, and expired six years later, on June 1, 1974, long before this action was filed.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment be and is GRANTED.
IT IS FURTHER ORDERED that this action be and is DISMISSED with prejudice.
NOTES
[*] The Ninth Circuit has recently adopted a slightly different interpretation of § 6503(b) in the context of a probate proceeding. United States v. Silverman, 621 F.2d 961 (9th Cir. 1980). However, Silverman stressed that there were certain differences between a bankruptcy proceeding and a probate proceeding which compelled the difference in application of § 6503(b).
[**] The government also urges this Court not to adopt the holding of United States v. Verlinsky, 459 F.2d 1085 (5th Cir. 1972), in which the Fifth Circuit held that the limitations period is suspended under § 6503(b) only until six months after the discharge of the bankrupt, not until six months after termination of the bankruptcy proceeding. According to the defendant's answer to plaintiff's complaint, defendant was discharged from the bankruptcy proceeding on February 2, 1973. Aside from the fact that this Court has no evidence before it on which to make a finding as to the date of defendant's discharge (there was no allegation in the complaint as to date of defendant's discharge), the Court does not find Verlinsky as persuasive as McAuley.