UNITED STATES of America, Plaintiff,

v.

**William P. McPHILAMY, Jr. and Celeste R. McPhilamy, Defendants.**

Civ. A. No. 80–0137(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 13, 1981.

William P. Sellers, IV, Asst. U. S. Atty., Roanoke, Va., Paige E. Reffe, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

MEMORANDUM OPINION

TURK, Chief Judge.

The United States of America filed this action on May 2, 1980, to obtain judgment against defendants William P. McPhilamy, Jr., and Celeste R. McPhilamy for federal taxes assessed against them. The court possesses jurisdiction of this matter pursuant to 28 U.S.C. §§ 1340, 1345. Defendants have moved for summary judgment on the grounds that the statute of limitations set forth at 26 U.S.C. § 6503(b) has lapsed and therefore bars the government from bringing this suit.

On April 16, 1973, the Internal Revenue Service assessed defendants for personal income taxes in the amount of $3,653.02. The defendants filed a petition in bankruptcy on July 2, 1973. The Referee in Bankruptcy signed the order approving the Trustee's Report of No Assets and Closing the Estate on August 22, 1973. Several months later, on January 17, 1974, all creditors were barred from filing subsequent claims, and the Bankruptcy Court closed defendants' case on January 31, 1974. The government filed this action on May 2, 1980.

Section 6503(b) suspends the running of the six-year limitations period set forth at 26 U.S.C. § 6503(a) when "the assets of the taxpayer are in the control or custody of the court . . . and for six months thereafter." 26 U.S.C. § 6503(b). The government contends that the Bankruptcy Court retained control or custody of defendants' assets either until the court closed defendants' bankruptcy case on January 31, 1974, or until January 17, 1974, the date by which all creditors of the defendants were required to file their claims. Defendants assert, however, that the bankruptcy court lost control or custody of their assets on August 22, 1973, when the Referee in Bankruptcy signed an order which approved the

trustee's report of no assets and closed the estate.

If read literally, 26 U.S.C. § 6503(b) would require a factual determination in every case of whether the bankruptcy court controlled the taxpayer's assets. A court would be required to ascertain precisely what assets the bankruptcy court controlled and to distinguish these assets from those which the taxpayer had acquired after his bankruptcy. Such a determination could occur up to six years after the closing of the bankruptcy estate. At the time defendants filed their bankruptcy petition, there existed a congressional intention to avoid such complex factual questions in applying the six year statute of limitations. *See McAuley v. United States*, 525 F.2d 1108, 1112 (9th Cir. 1975). In light of this policy, and to avoid the burden of frequently resolving difficult factual issues, courts have analyzed section 6503(b) in a functional way and then have distilled a rule from section 6503(b) which simplifies its application.

The most persuasive approach taken thus far is that of the Ninth Circuit in *McAuley v. United States*, 525 F.2d 1108 (9th Cir. 1975). In *McAuley* the Ninth Circuit construed section 6503(b) to mean that a taxpayer's assets remain within the custody of the bankruptcy court until six months after the date of the first creditors' meeting, when the time to file claims elapses. The court placed a provision on this holding, however, in that if a bankrupt estate contains no assets, section 6503(b) might not suspend the statute of limitations for any amount of time. 525 F.2d at 1114, n. 7.

The *McAuley* court reached this result by first noting that the purpose of section 6503(b) is to suspend the running of the statute of limitations only while the government's tax collection efforts are hindered. In general, tax claims have priority in a bankrupt's estate. 11 U.S.C. § 104(a)(4) (1970).[1] And as for a bankrupt's exempt property, the government could collect from it even while a bankruptcy is pending.

Treas.Rg. § 301.6871(a)–2(a) (1973); *Samuel J. King*, 51 T.C. 851, 855 (1969). As a practical matter, however, during the initial phases of a bankruptcy case some uncertainty and confusion exists regarding what property is exempt or non-exempt from bankruptcy, and whether there are sufficient assets to compensate creditors' claims. *See* 525 F.2d at 1112. Thus *McAuley* holds that section 6503(b) suspends the statute of limitations until creditors have been barred from filing additional claims, thereby giving the government an opportunity to assess its options before proceeding to collect against the debtor.

There does exist an alternative construction of 26 U.S.C. § 6503(b). In *United States v. Malkin*, 317 F.Supp. 612 (S.D.N.Y. 1970), the court held that section 6503(b) suspends the statute of limitations until after the bankruptcy case is closed. Such an approach was expressly rejected in *McAuley*, however, because it could stay the statute of limitations for an unjustifiably long period, the government's collection efforts are not hindered for the entire time a bankruptcy case is pending, and the *Malkin* court gave undue weight to 26 U.S.C. § 6503. For these same reasons, this court also rejects the rule adopted in *Malkin*, and instead agrees with the holding of *McAuley* and the reasons given for the result reached in *McAuley*. See also *United States v. Copley*, 508 F.Supp. 110 (E.D.Mo.1980).

■■■ Therefore, as a general matter, the statute of limitations will be suspended until six months after the first creditors' meeting, and then for an additional six months. If the debtor's estate contains no assets, however, then the time suspending the statute may be even less. 525 F.2d at 1114, n. 7; *United States v. Turner*, 625 F.2d 328, 329 (9th Cir. 1980). In this instance defendants' bankruptcy estate contained no assets and the estate was closed on August 22, 1973. At that time the government could no longer be uncertain as to which of defendants' property was ex-

---

1. This statutory provision under the former Bankruptcy Act was effective while defendants' bankruptcy case was pending.

162

empt.   Nor did the government need to wait until January 17, 1974, the date by which creditors of defendants were required to file their claims, in order to ascertain whether there were sufficient assets since the referee's order of August 22, 1973, established that there were no assets.   Furthermore, as of August 22 the Bankruptcy Court no longer retained custody or control of defendants' assets because there were no assets to control.   Therefore, the statute of limitations was suspended from July 2, 1973, until August 22, 1973, and for an additional six months thereafter until February 22, 1974.   The statute of limitations thus expired on December 7, 1979, several months before the government filed this suit on May 2, 1980.

Accordingly, defendants' motion for summary judgment is granted.