UNITED STATES of America, Plaintiff,

v.

Peter A. TOMASELLO, Defendant.

No. CIV–81–983.

United States District Court,
W.D. New York.

May 5, 1983.

Salvatore R. Martoche, U.S. Atty., Jack Penca, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

Philip B. Abramowitz, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff seeks to reduce to judgment the unpaid balance of a one-hundred percent tax penalty assessed against the defendant taxpayer. The matter is currently pending before me on two separate motions to dismiss. The first, filed January 13, 1982, is based on defendant's contention that the Complaint is barred by the appropriate statute of limitations. The second, filed February 1, 1982, seeks to dismiss the Complaint for lack of personal jurisdiction and insufficiency of service of process and failure to state a claim upon which relief may be granted, as well as untimeliness. A motion by defendant to set aside a default entered against him by the Clerk is also implicit in the latter. For the reasons set out below, I have concluded that the default must be vacated and that the Complaint must be dismissed because it is time-barred.

The penalty assessment in dispute was made against the taxpayer July 8, 1974 pursuant to section 6672 of the Internal Revenue Code ("IRC") based on his failure, as a responsible person, to collect and pay over income tax withholding and Federal Insurance Contributions Act taxes for Elgin Concrete, Inc. for the third and fourth quarters of 1972.[1] The amount of the assessment was $24,681.22, of which $23,605.86 remains unpaid. Defendant filed a petition in bankruptcy September 24, 1973. The first meeting of creditors was held October 29, 1973 and defendant was discharged from his debts January 17, 1974. The bankruptcy estate was formally closed October 24, 1975.

Defendant had previously filed an action, CIV–81–193E, to enjoin plaintiff's collection of the penalty assessment on the grounds that such collection was barred by the statute of limitations. However, in a Memorandum and Order entered June 12, 1981, I dismissed that action for lack of jurisdiction under section 7421 of the IRC. *See, Tomasello v. United States,* 81–2 U.S. T.C. ¶ 9510.

Plaintiff commenced this action by filing its Complaint November 18, 1981. Service of the Summons and Complaint was effected November 30, 1981 by delivery of copies thereof to defendant's wife. Inasmuch as defendant failed to answer or otherwise appear in the action within the required time period, the Clerk entered a default against him January 13, 1982.

■ Turning initially to defendant's motion to vacate the default, I find that defendant has demonstrated good cause for such relief under Fed.R.Civ.P. rule 55(c). Plaintiff will not be unduly prejudiced by a setting aside of the default and (as discussed more fully below) defendant has a meritorious defense to the action. *See, Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981) (*per curiam*). Therefore, defendant's motion to set aside the default entered by the Clerk January 13, 1982 is hereby ORDERED granted.[2]

■ I must also deal with the preliminary matter of service of process before addressing the statute of limitations question. Defendant challenges the sufficiency of service accomplished by delivery of copies of the Summons and Complaint to his wife on the grounds that he and his wife were and are separated and that the address where service was effected was not and is not his usual place of abode. Then, he contends that service on his wife was not proper under Fed.R.Civ.P. rule 4(d) and that the Complaint should be dismissed under Fed.R.Civ.P. rule 12(b)(4) and 12(b)(5). Defendant raised defenses based on lack of personal jurisdiction, insufficiency of process and insufficiency of service of process in his second but not in his first motion to dismiss. His failure to assert such defenses in his first motion to dismiss constitutes a waiver thereof. Fed.R.Civ.P. rule 12(h).

The statute of limitations question raised by defendant's motions concerns the effect of the bankruptcy proceedings on the six-year statute of limitations for the collection of tax assessments established by section 6502 of the IRC.[3] Although the Complaint in this action was filed more than seven

---

1.  Section 6672 provides:
    "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.  * * *"

2.  It appears that the default entered by the Clerk was not proper to begin with, inasmuch as defendant's first motion to dismiss was filed at 8:31 a.m. on January 13, 1982, and the default was entered at 4:20 p.m. the same day. Thus, at the time default was entered, defendant had in fact appeared to defend the action.

3.  Section 6502(a) provides that a tax assessment "may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax * * *." There is no dispute that the assessment itself was timely under section 6501.

years after the penalty assessment was made, plaintiff relies on two separate tolling provisions, section 6503(b) of the IRC and section 11(f) of the Bankruptcy Act of 1898 (former 11 U.S.C. § 29(f)), to support its contention that the Complaint is timely.

Section 6503(b) of the IRC provides:

"The period of limitations or collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter."

Judicial interpretation of section 6503(b) has produced a substantial split of authority concerning the duration of the suspension of the limitations period set by section 6502 which arises when the taxpayer files a petition in bankruptcy.

In *United States v. Malkin,* 317 F.Supp. 612 (E.D.N.Y.1970), the court held that the limitations period under section 6502 is tolled until the bankruptcy case is formally closed. The court reasoned that the assets of the taxpayer are in the control or custody of the bankruptcy within the meaning of section 6503(b) from the time the petition is filed until the referee signs an order closing the estate. *United States v. Malkin, supra,* at 616, n. 9. If *Malkin* was to be applied in this case, the statute of limitations under section 6502 would not have begun to run until six months after the bankruptcy estate was formally closed, inasmuch as the assessment was made during the pendency of the bankruptcy proceedings. Thus, the limitations period would expire six years and six months after October 24, 1975, or April 24, 1982. Under *Malkin,* the institution of this action would therefore be timely.

However, *Malkin* does not appear to have been followed by any other court which has interpreted section 6503(b). In *United States v. Verlinsky,* 459 F.2d 1085 (5th Cir. 1972), a case arising under identical circumstances as *Malkin,* the United States Court of Appeals for the Fifth Circuit expressly

rejected *Malkin* and held that the suspension of the limitations period under section 6503(b) operates until six months after the taxpayer's debts are discharged, not after the bankruptcy estate is formally closed. The court reasoned that, once the taxpayer's debts were discharged, the taxpayer lost all interest in assets in the custody of the bankruptcy court. The court also noted that the purpose of section 6503(b) is to toll the limitations period during the time when the government would be unable to collect the tax assessment because the taxpayer did not have control or custody of his property. *United States v. Verlinsky, supra,* at 1087. Because the taxpayer was subject to suit, levy and execution on debts which were not discharged as of the date of the discharge, suspending the statute of limitations until the bankruptcy estate was formally closed would unduly "delay the hour when [the taxpayer] could finally divorce himself from his former holdings and debts." *Id.,* at 1088. *Verlinsky* has been followed by at least one other court in this circuit. *U.S. v. Levasseur,* 80–1 U.S.T.C. ¶ 9349 (D.Vt.1980). If *Verlinsky* were to be applied in this case, the Complaint would be untimely, inasmuch as the limitations period would have been tolled until six months after the date of discharge—i.e., until July 17, 1974. Thus, under *Verlinsky,* the statute of limitations would have expired July 17, 1980.

The United States Court of Appeals for the Ninth Circuit has also refused to follow *Malkin*'s holding, but has construed section 6503(b) differently than did the Fifth Circuit in *Verlinsky.* In *McAuley v. United States,* 525 F.2d 1108 (9th Cir.1975), the court held that section 6503(b) tolls the limitations period set by section 6502 for one year after the first meeting of creditors relating to the bankruptcy proceedings. The court in *McAuley* agreed with *Verlinsky* that *Malkin* would toll the statute of limitations "for unjustifiably long periods" because the government would not be prevented from collecting the assessment during the entire course of the bankruptcy

proceedings. *McAuley v. United States, supra,* at 1112–13.[4]

Focusing on the particular obstacles to the government's attempts to collect tax assessments which are posed by the bankruptcy proceeding, the *McAuley* court indicated that the government's collection efforts are primarily limited by dividing the taxpayer's property into exempt and non-exempt estates, and the filing of creditors' claims against the estate. *McAuley v. United States, supra,* at 1113. It noted that creditors' claims must usually be filed within six months after the first creditors' meeting and that suspending the limitations period during this time would permit the government to evaluate its rights in comparison to other creditors and also allow the taxpayer to contest the tax assessment. *Id.,* at 1114. Therefore, the court construed section 6503(b) to mean that the assets of the taxpayer are no longer in the control or custody of the bankruptcy court after the time for the filing of claims by creditors has passed. Accordingly, the court held that the statute of limitations set by section 6502 is suspended until six months after the first meeting of creditors, and for an additional six-month period as provided by section 6503(b). The court suggested that its interpretation of section 6503(b) was "more realistic" than *Verlinsky's.*

*McAuley* has been followed in *United States v. Turner,* 625 F.2d 328 (9th Cir. 1980), *United States v. McPhilamy,* 82–1 U.S.T.C. ¶ 9815 (W.D.Va.1981), and *United States v. Copley,* 508 F.Supp. 110 (E.D.Mo. 1980). Under *McAuley,* the Complaint in this action would be time-barred. The six-year limitations period set by section 6502 would have begun to run one year after October 29, 1973 and so would have expired October 29, 1980.

In order to decide whether the Complaint in this action is timely by reason of the toll created by section 6503(b) of the IRC, I need only decide whether to adhere to *Malkin's* interpretation thereof; under either *Verlinsky* or *McAuley,* plaintiff's action is time-barred.

Plaintiff has argued that the limitations period under section 6502 should be tolled during the entire course of the bankruptcy proceedings, as the court in *Malkin* held, because the government can then await the payment of claims (including its tax claims) out of the estate. Plaintiff argues that, if the limitations period resumes running either six months after the taxpayer's debts are discharged or one year after the first meeting of creditors (events which are likely to occur long before the bankruptcy estate is formally closed), the government may be pressured into attempting to gain recovery out of the taxpayer's exempt or after-acquired assets.

■ The answer to this contention is provided by *McAuley,* which noted that under section 6502(a) of the IRC the taxpayer may agree to suspend the running of the limitations period. *McAuley v. United States, supra,* at 1114. If the taxpayer wishes to avoid immediate payment of the tax assessment, he may simply agree to prolong the limitations period. If the taxpayer chooses to keep the statute running, he can do so and thereby force the government to seek recovery out of his exempt or after-acquired property. After all, the basic purpose of the statute of limitations is to pressure the government to collect its taxes within a specified period of time. Plaintiff's interpretation of section 6503(b) would defeat this purpose without any countervailing justification. Therefore, for the

**4.** The court further elaborated this point by stating:

"Another ground for rejecting the government's theory is that there is no reason to stay the running of the period of limitations for the entire bankruptcy proceeding. The legislative history of the 1966 Federal Tax Lien Act makes clear that the justification for staying the running of the period of limitations is that collection efforts are hindered by

bankruptcy. * * * But as to the bankruptcy estate, tax claims have priority, * * * and as to the bankrupt's exempt property the government may collect from it despite the pendency of the bankruptcy proceeding. * * * Since collection is not hindered, at least by the above considerations, there is no need to stay the statute of limitations." *McAuley v. United States, supra,* at 1113.

reasons set forth in *McAuley* and *Verlinsky*, I decline to follow *Malkin*.[5]

 I therefore turn to plaintiff's alternative contention that the Complaint is timely under section 11(f) of the Bankruptcy Act of 1898, which provided:

"The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy * * * (3) until thirty days after the dismissal of the bankruptcy proceedings * * *." (Former 11 U.S.C. § 29(f).)

Plaintiff contends that, under section 11(f) of the Bankruptcy Act, the limitations period under section 6502 of the IRC was tolled until thirty days after the bankruptcy estate was formally closed—i.e., until November 23, 1975. Therefore, plaintiff argues that the limitations period expired November 23, 1981 and that its Complaint, filed five days prior thereto, was timely.

None of the cases discussed above considered the application of section 11(f) of the Bankruptcy Act in lieu of section 6503(b) of the IRC in determining the duration of the suspension of the limitations period for the collection of a tax assessment arising when the taxpayer files or has filed a petition in bankruptcy. It appears, however, that section 11(f) is inapplicable for the purpose of making such a determination. Section 6503(b) of the IRC is a specific legislative enactment applicable to the situation in which the taxpayer's assets are in the custody or control of a court, such as in connection with bankruptcy proceedings. Section 11(f) of the Bankruptcy Act is a more general statutory provision which does not specifically apply to claims for taxes. Therefore section 6503(b) of the IRC, rather than section 11(f) of the Bankruptcy Act, must be applied to determine the timeliness of the Complaint herein. *See, e.g., Busic v. United States,* 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980) ("a more specific statute will be given precedence over a more general one, regardless of their temporal sequence.")

Based on the foregoing discussion, defendant's motion to dismiss the Complaint is hereby ORDERED granted on the grounds that it is barred by the statute of limitations.

---

5. I dismissed the taxpayer's suit in CIV–81–193 because *Malkin* sufficiently supported the government's position that the taxpayer had failed to satisfy the requisites for maintenance of an action to enjoin the collection of taxes established in *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). My dismissal of the taxpayer's suit to enjoin collection of the assessment involved herein does not, of course, constitute an adherence to *Malkin*'s substantive holding.