**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL V. SEVERO; GEORGINA C.
SEVERO,
        *Petitioners-Appellants,*

        v.

COMMISSIONER OF INTERNAL
REVENUE,
        *Respondent-Appellee.*

No. 08-70817

Tax Ct.
No. 6346-06L

OPINION

Appeal from a Decision of the United States Tax Court

Argued and Submitted
October 9, 2009—Pasadena, California

Filed November 20, 2009

Before: Cynthia Holcomb Hall and Richard C. Tallman,
Circuit Judges, and David M. Lawson,* District Judge.

Opinion by Judge Hall

---

*The Honorable David M. Lawson, United States District Judge for the
Eastern District of Michigan, sitting by designation.

15429

## COUNSEL

Michael V. Severo, Law Offices of Michael V. Severo, Los Angeles, California, for the appellants.

Curtis C. Pett, Department of Justice, Tax Division, Washington, D.C., for the appellee.

**OPINION**

HALL, Circuit Judge:

Taxpayers Michael and Georgina Severo ("the Severos") appeal from the decision of the United States Tax Court granting summary judgment in favor of the Internal Revenue Service ("IRS") and permitting the IRS to proceed with its collection action relating to the Severos' 1990 tax liability. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and affirm the decision of the Tax Court.

## I.    Background

The Severos' 1990 joint tax return, after extensions, was due October 15, 1991. They filed their tax return three days late without paying most of their taxes. On November 18, 1991, the IRS assessed income tax liability of $63,499.00, plus $4,180 for failure to pay estimated taxes and $2,339 for failure to pay tax.

On September 28, 1994, the Severos filed for relief under Chapter 11 of the Bankruptcy Code, which was converted into Chapter 7 liquidation on September 12, 1995. Their first post-conversion meeting of creditors occurred on November 9, 1995, and the Severos received their Chapter 7 discharge on March 17, 1998.

The IRS first attempted to collect the 1990 tax liability on November 28, 2004, when it levied against a $196 tax refund claimed by the Severos on their 2003 California state income tax return. By that time, the petitioners owed income taxes for each year between 1994 and 2002, in addition to the tax liability for 1990. On August 18, 2005, the Severos paid $142,479.82 toward their tax delinquency, but at least some part of their 1990 tax liability remained outstanding. On September 7, 2005, the IRS mailed to the Severos a notice of intent to make a second levy on their property relating to their

outstanding 1990 federal income taxes, and on September 8, 2005 the IRS filed a notice of federal tax lien on all of the Severos' property and property rights.

Upon receiving notice of the federal tax lien, the Severos requested a collection due process hearing. *See* 26 U.S.C. § 6320(a)(3)(B). At the time they filed their petition, the Severos resided in Arcadia, California. During the hearing with a Settlement Officer, the taxpayers argued that (a) the IRS was precluded from placing a lien against the Severos' property because the ten-year statute of limitations had expired; and (b) the Severos' 1998 bankruptcy discharge discharged the petitioners' tax debt to the IRS.

The Appeals Office of the IRS rejected the Severos' arguments and issued a notice of adverse determination on March 3, 2006. The taxpayers appealed to the United States Tax Court, which granted summary judgment in favor of the Commissioner on November 15, 2007. The taxpayers unsuccessfully moved for reconsideration and then timely appealed to this court.

## II.    Standard of Review

**[1]** We review the Tax Court's grant of summary judgment *de novo*. *Talley Indus. Inc. v. Comm'r*, 116 F.3d 382, 385 (9th Cir. 1997). We review the Tax Court's determination regarding the applicability of the statute of limitations *de novo*, but must be "cognizant of the established policy that limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government." *Richmond v. United States*, 172 F.3d 1099, 1101 (9th Cir. 1999) (quotation omitted). We also review *de novo* the determination whether a debt is dischargeable. *Barboza v. New Form, Inc.* (*In re Barboza*), 545 F.3d 702, 706 (9th Cir. 2008).

### III.    Discussion

## A.    Statute of Limitations

**[2]** The IRS generally has ten years from the assessment of a tax to collect the outstanding liability. 26 U.S.C. § 6502(a)(1). However, the Internal Revenue Code contains several provisions tolling the ten-year statute of limitations. Of greatest relevance to this case, Section 6503(h)(2) provides:

> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
>
> (2) for collection, 6 months thereafter.

26 U.S.C. § 6503(h)(2). Under this provision, the period of limitations for IRS collection is tolled for the period of the bankruptcy court's automatic stay, during which the Bankruptcy Code prevents the IRS from collecting a tax liability, plus an additional six months.

**[3]** Section 362(a) of the Bankruptcy Code provides an automatic stay on eight types of actions, including "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Section 362(c) establishes the duration of this automatic stay in bankruptcy cases:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

    (A) the time the case is closed;

    (B) the time the case is dismissed; or

    (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c). An act against the property of the bankruptcy estate is stayed until it is no longer part of the estate, but an act against the debtor—which is not an "act against property of the estate"—dissolves immediately upon the bankruptcy discharge order. Under Section 362(c)(2), the automatic stay will generally not end until the Bankruptcy Court issues its discharge order, and the period for collection is tolled for another six months thereafter. *See Richmond*, 172 F.3d at 1102.

**[4]** In this case, the IRS assessed the Severos' 1990 tax liability on November 18, 1991, and on September 8, 2005 (thirteen years, nine months and twenty-one days later) it filed a federal tax lien. The Severos filed for bankruptcy on September 28, 1994, triggering Section 362(a)(6)'s automatic stay against IRS collection of their 1990 tax liability. Because the tax lien was not limited to property of the bankruptcy estate but rather applied to any and all of the Severos' property interests, that stay remained in effect until the March 17, 1998 discharge order. The Severos' bankruptcy proceedings lasted three years, five months, and twenty days, and during this period the IRS was unable to collect their 1990 tax liability. *See West v. United States* (*In re West*), 5 F.3d 423, 425 n.3 (9th Cir. 1993) ("The IRS may not collect tax claims against a debtor in bankruptcy unless it obtains relief from the automatic stay."). Because the statute of limitations was tolled

during this period plus an additional six months, *see* 26 U.S.C. § 6503(h)(2), the IRS had thirteen years, eleven months, and twenty days—i.e. until November 7, 2005—in which to collect the taxes assessed on November 18, 1991. Because the collection actions challenged in this case all took place prior to November 7, 2005, they were not barred by the statute of limitations.

The Severos argue that the above calculation is incorrect and that, under this court's decision in *McAuley v. United States*, 525 F.2d 1108 (9th Cir. 1975), the limitations period was only tolled from the initiation of Chapter 11 proceedings on September 28, 1994 until one year following the first meeting of creditors on November 9, 1995. They claim that using these benchmarks, the period of limitations expired on August 4, 2003, prior to the IRS collection actions. We do not accept the Severos' calculations, but that is of no consequence because our decision in *McAuley* is not controlling.

Prior to the enactment of Section 6503(h) as part of the Bankruptcy Act of 1980, bankruptcy cases were governed by the more general tolling provision contained in Section 6503(b), which stays IRS collection during "the period the assets of the taxpayer are in the control or custody of the court." 26 U.S.C. § 6503(b). It was this provision that was at issue in *McAuley*. Because the determination of whether taxpayers' assets are "in the control or custody of the court" would hinge upon "complex factual questions," the court adopted a clear-cut approach that suspended collection until six months after the date of the first creditors meeting (when creditors' claims generally must be filed) and for an additional six months thereafter. *McAuley*, 525 F.2d at 1112-14. The *McAuley* court selected the creditors' meeting as the appropriate measuring point, because this would be when creditors knew for sure which assets were included in the bankruptcy estate, and collection efforts thereafter would not be hindered due to the uncertainty of whether assets were and were not part of the estate.

Section 6503(h)(2) was enacted after *McAuley* and, unlike Section 6503(b), specifically addresses the bankruptcy context. It is therefore the controlling statute. *See Mangano v. United States*, 529 F.3d 1243, 1247 (9th Cir. 2009) (applying the maxim that "conflicting statutes should be interpreted so as to give effect to each but to allow a later enacted, more specific statute to amend an earlier, more general statute" (citation omitted)). Section 6503(h)(2), unlike 6503(b), specifically ties the tolling of the statute of limitations for IRS collection to the automatic stays contained in the Bankruptcy Code. Because, as explained above, Section 362(a)(6) of the Bankruptcy Code stays collection actions against a debtor during the pendency of the debtor's bankruptcy proceedings,[1] the IRS's collection actions in this case were timely.

## B.    Whether the 1990 Tax Liability Was Discharged

Section 523 of the Bankruptcy Code addresses the dischargeability of debt in bankruptcy proceedings. This section excepts certain individual debts from discharge, including certain taxes:

(1) for a tax or a customs duty —

> (A) *of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title*, whether or not a claim for such tax was filed or allowed;

---

[1]The Severos argue, citing to a footnote in *McAuley*, that because their bankruptcy contained no assets, no stay should have been entered and, therefore, the statute of limitations should not have been suspended at all. 525 F.2d at 1114 n.7. However, this dicta from *McAuley* since has been limited to bankruptcies that have no assets at the outset of the bankruptcy case. *See United States v. Turner*, 625 F.2d 328, 329 (9th Cir. 1980). The record does not support a finding that the bankruptcy estate contained no assets. At the very least, the Severos owned a house.

(B) with respect to which a return, or equivalent report or notice, if required—

(i) was not filed or given; or

(ii) *was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition*; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1) (emphasis added).

Section 507 referenced in section 523(a)(1) in turn describes the priority of certain claims in the distribution of the debtor's assets. Section 507(a) of the statute gives the eighth priority to "allowed unsecured claims of governmental units," including:

(A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—

(i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i).

[5] As summarized by the Supreme Court, "[i]f the IRS has a claim for taxes for which the return was due within three years before the bankruptcy petition was filed, the claim enjoys eighth priority under § 507(a)(8)(A)(i) and is nondischargeable in bankruptcy under § 523(a)(1)(A)." *Young v.*

*United States*, 535 U.S. 43, 46 (2002). Because the Severos filed their bankruptcy petition on September 28, 1994, less than three years after their 1990 taxes were due on October 15, 1991, their 1990 tax liability was not discharged.

The Severos argue that their 1990 tax liability indeed was discharged because it does not fall within a separate exception for bankruptcy discharges under section 523(a)(1)(B)(ii). Under that provision, late-filed taxes are not exempt from discharge orders if the return was filed within two years of the bankruptcy petition filing. Because they filed their 1990 tax returns on October 18, 1991 (three days late), and more than two years before filing for bankruptcy, they do not fall within that exception to discharge. However, just because they do not fall within the section 523(a)(1)(B)(ii) exception does not preclude falling within the section 523(a)(1)(A) exception.[2] Section 523(a)(1)'s exceptions are phrased in the disjunctive, and the Tax Court therefore correctly held that the Severos' 1990 tax liability was not discharged. *See Young*, 535 U.S. at 49 (describing Sections 523(a)(1)(A) and (a)(1)(B)(ii) as "complementary").

---

[2]The Severos cite to one case in which a court held that a late-filed tax return filed more than two years before the bankruptcy petition is not excepted from discharge, despite falling within the terms of Section 507(a)(8). *See In re Doss,* 42 B.R. 749 (Bankr. E.D. Ark. 1984). However, *Doss* has been widely criticized, *see Vitaliano v. California* (*In re Vitaliano*), 178 B.R. 205, 208 (B.A.P. 9th Cir. 1995) (collecting cases), and other courts addressing the interplay between Sections 523(a)(1)(B)(ii) and 507(a)(8)(A) have held that late-filed tax returns, filed more than two years but less than three years pre-petition, are not excepted from discharge under 11 U.S.C. § 523(a). *See Etheridge v. Illinois*, 127 B.R. 421 (Bankr. C.D. Ill. 1989); *cf McElfresh v. United States* (*In re McElfresh*), No. 96-5736, 1996 WL 628086 (Bankr. S.D. Ohio 1996) ("[I]if a tax liability is dischargeable under one subsection [of section 523(a)(1)] but not dischargeable under another subsection, the tax liability is not dischargeable.").

## IV.   Conclusion

**[6]** For the foregoing reasons, we affirm the Tax Court's grant of summary judgment to Respondent. The IRS's collection efforts were not barred by the statute of limitations, and the Severos' 1990 tax liability was not discharged by their bankruptcy proceedings.

**Affirmed.**