T.C. Summary Opinion 2012-106

UNITED STATES TAX COURT

MARGARETTE NAU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8984-10S L.                          Filed October 31, 2012.

Margarette Nau, pro se.

Marie E. Small, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  This case is before the Court on respondent's motion for summary judgment.

Background

Petitioner resided in New York at the time she filed the petition.  Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for tax years 2004, 2006, and 2007 and failed to pay the full amount of the tax liability reflected on the respective return for each year.  Petitioner's 2006 tax return was filed late.  Additionally, she failed to report some income on her 2004 tax return.  On April 24, 2006, respondent issued a notice of deficiency with respect to the 2004 tax year.  Petitioner did not file a petition disputing that notice of deficiency.  On March 24, 2008, petitioner filed a bankruptcy petition under chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of New York.  On July 14, 2008, petitioner was discharged from bankruptcy.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On May 7, 2009, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. Section 6320 with respect to her 2004, 2006, and 2007 tax years. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Settlement Officer Jeffrey Garfield (SO Garfield) sent a letter to petitioner on September 9, 2009, scheduling a collection due process (CDP) hearing for November 10, 2009. The scheduled hearing did not take place. On March 17, 2010, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the notice of Federal tax lien (NFTL). The notice of determination stated that petitioner did not call after two conference letters and did not submit the documentation requested for consideration of collection alternatives.

Petitioner filed her petition, asserting among other things that she did not owe the amounts respondent claimed and that respondent failed to keep the scheduled CDP hearing appointment.

On April 1, 2011, respondent filed a motion to remand the case to the Office of Appeals for further consideration. Respondent believed that petitioner was not afforded a CDP hearing under section 6320(b)(1) because SO Garfield was on extended sick leave on November 10, 2009, the date of the originally scheduled CDP hearing. On April 8, 2011, the Court granted respondent's motion to remand

and ordered that respondent's Appeals Office hold the CDP hearing no later than July 8, 2011.

On June 9, 2011, a face-to-face CDP hearing took place between petitioner and Settlement Officer Gilbert Breitberg (SO Breitberg) in Manhattan. During the CDP hearing petitioner explained to SO Breitberg that she believed the balance due for the taxable year 2004 was discharged through bankruptcy. At the hearing petitioner also argued that the balances due for taxable years 2006 and 2007 were incorrect because the AARP volunteer who prepared her returns refused to prepare Schedules A, Itemized Deductions, which might have lowered her tax liabilities and eliminated the balances due. Petitioner did not otherwise provide documentation or specific information during the administrative proceedings to support her position that the underlying liabilities for the taxable years at issue were incorrect. Petitioner did not request any specific collection alternatives other than asking that respondent reduce or eliminate her tax liabilities. Additionally, SO Breitberg was unable to consider collection alternatives because petitioner did not provide a current Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Instead, petitioner provided SO Breitberg with some financial information from 2009 because she believed SO Breitberg should consider availability of collection alternatives based on her financial

information as of the date of the originally scheduled CDP hearing rather than on her current financial information.

On July 6, 2011, SO Breitberg issued petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the filing of the NFTL. The supplemental notice stated that the underlying liabilities were correct at the time the NFTL was issued and remain due and owing and that petitioner did not furnish current financial information and did not request any specific collection alternative beyond wanting the tax liabilities reduced or eliminated.

Respondent asserts that as a matter of law he is entitled to summary judgment in that (1) the existence and amounts of the underlying tax liabilities are correct and (2) he did not abuse his discretion in denying collection alternatives because petitioner did not provide financial information or documentation. Petitioner objects to respondent's motion for summary judgment.

## Discussion

Summary judgment serves to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). We may grant summary judgment only if

there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(b); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). Respondent, as the moving party, bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. See <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554 (2000); <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993); <u>Naftel v. Commissioner</u>, 85 T.C. at 529. In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. See <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. at 559; <u>Bond v. Commissioner</u>, 100 T.C. at 36; <u>Naftel v. Commissioner</u>, 85 T.C. at 529. However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. at 560.

Where the underlying tax liability is properly at issue, we review the Commissioner's determination de novo; where the validity of the underlying tax liability is not properly at issue, we will review the Commissioner's administrative

determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner may prove abuse of discretion by showing that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, we have held that there was no abuse of discretion. Schwersensky v. Commissioner, T.C. Memo. 2006-178; see also Lance v. Commissioner, T.C. Memo. 2009-129.

If a taxpayer fails to pay any Federal income tax liability after notice and demand, a lien in favor of the United States is imposed on all the property of the delinquent taxpayer. Sec. 6321. Section 6320(a) provides that within five business days after filing a tax lien, the IRS must provide written notice of that filing to the taxpayer. After receiving such notice, the taxpayer may request an administrative hearing before the Office of Appeals. Sec. 6320(a)(3)(B). A CDP hearing concerning a lien under section 6320 is to be conducted in accordance with the relevant provisions of section 6330. Sec. 6320(c).

At the CDP hearing a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the

appropriateness of the collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  In addition, she may challenge the existence or amount of the underlying tax liability, but only if she did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability.  Sec. 6330(c)(2)(B).

The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider the issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(b), (c)(3).

We remand a case to Appeals when the taxpayer did not have a proper hearing and a supplemental hearing is necessary or will be productive.  Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Lites v. Commissioner, T.C. Memo. 2005-206; Day v. Commissioner, T.C. Memo. 2004-30.  The hearing on remand is a supplement to the taxpayer's original CDP hearing and not a new hearing. Kelby v. Commissioner, 130 T.C. 79, 86 (2008).  When a case is remanded to Appeals and supplemental determinations are issued, the position of the Commissioner that we review is the position taken in the last supplemental determination.  Kelby v. Commissioner, 130 T.C. at 86; see also Leago v. Commissioner, T.C. Memo. 2012-39.

Underlying Tax Liability

Petitioner attempted to dispute the underlying liabilities for taxable years 2004, 2006, and 2007 during the CDP hearing. However, petitioner received a notice of deficiency for tax year 2004 and did not file a petition with the Court. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax year in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Montgomery v. Commissioner, 122 T.C. 1 (2004); Sego v. Commissioner, 114 T.C. at 609; Goza v. Commissioner, 114 T.C. at 180-181. Because petitioner failed to timely petition this Court following that notice of deficiency, the validity of the underlying tax liability for tax year 2004 is not at issue and we review respondent's supplemental determination as to tax year 2004 for abuse of discretion.

Petitioner asserts that by virtue of her 2008 bankruptcy discharge respondent may not enforce collection of her 2004 Federal income tax liability. We do not consider the validity of the underlying liability for tax year 2004 since petitioner received a notice of deficiency for that year, but her argument would not otherwise succeed. A debtor who files a chapter 7 bankruptcy petition is generally discharged from personal liability for all debts incurred before the bankruptcy

petition was filed.  11 U.S.C. sec. 727(b) (2006).  However, that debtor is not discharged from claims for income tax due for a tax year for which the due date for the return is within three years of the filing of the petition in bankruptcy.  Id. secs. 523(a)(1)(A), 507(a)(8); see also Severo v. Commissioner, 129 T.C. 160, 165-166 (2007), aff'd, 586 F.3d 1213 (9th Cir. 2009).

Petitioner's 2004 Federal income tax return was due, without considering any extensions, on April 15, 2005.  Sec. 6072(a).  Petitioner filed her bankruptcy petition on March 24, 2008, a date that is less than three years from the due date of her 2004 Federal income tax return.  Petitioner did not otherwise present any collection alternatives.  Accordingly, respondent did not abuse his discretion in issuing the supplemental determination as to 2004.

Because petitioner did not receive a notice of deficiency for tax years 2006 and 2007 and had no prior opportunity to raise the issue of the existence or amounts of the underlying tax liabilities before the CDP hearing, she could contest the 2006 and 2007 liabilities at the CDP hearing.  See sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1; Sego v. Commissioner, 114 T.C. at 609; Goza v. Commissioner, 114 T.C. at 180-181.  There is no dispute that petitioner properly raised the underlying tax liabilities for tax years 2006 and 2007

at the CDP hearing, and accordingly we review respondent's supplemental determination as to those years de novo.

Petitioner's liabilities for tax years 2006 and 2007 are the result of underpayments. Petitioner stated at the CDP hearing that the returns for those years were prepared by a volunteer return preparer who would not complete Schedules A and that Schedules A might have lowered her tax liabilities. Petitioner did not file an amended return for either 2006 or 2007 and did not provide any documents or specific information to support her position that the underlying liabilities for those taxable years were incorrect. There is no genuine dispute as to any material fact regarding the underlying tax liabilities, and respondent is entitled to judgment as a matter of law on this issue.

Collection Alternative

A taxpayer may raise collection alternatives that may include an installment agreement or an offer-in-compromise. Secs. 6320(c), 6330(c)(2)(A)(iii). Petitioner did not request any collection alternatives, other than that the IRS reduce or eliminate her liabilities. The settlement officer requested current financial information so that he could determine whether she qualified for (1) currently not collectible status, (2) an offer-in-compromise, or (3) an installment agreement. She did not provide the requested financial information

and instead submitted financial information from 2009 and earlier. Petitioner requested that SO Breitberg consider her financial information from 2009 and determine the collection alternatives that may have been available on the date of her originally scheduled CDP hearing. We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information. See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. Petitioner was aware that SO Breitberg requested current financial information, and she failed to provide it. Accordingly, it was not an abuse of discretion for the Appeals Office to reject collection alternatives because of a lack of necessary financial information.

Petitioner has not shown that respondent's supplemental determination to sustain the notice of Federal tax lien because of her unpaid tax liabilities for tax years 2004, 2006, and 2007 and failure to submit a current Form 433-A was arbitrary, capricious, or without sound basis in fact or law. There is no genuine dispute as to any material fact remaining, and respondent is entitled to judgment as a matter of law.

To reflect the foregoing,

An appropriate order and decision
will be entered.