**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLOVUS M. SYKES, | No. 14-70446 |
| Petitioner-Appellant, | Tax Ct. No. 18787-12L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 19, 2018[**]

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Clovus M. Sykes appeals pro se from the Tax Court's summary judgment upholding the Commissioner of Internal Revenue's determination to proceed with the proposed collection action for tax year 2008, and imposing a penalty under 26 U.S.C. § 6673.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Tax Court's legal conclusions de novo. *Severo v. Comm'r*, 586 F.3d 1213, 1215 (9th Cir. 2009). We review the imposition of penalties under § 6673 for abuse of discretion. *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993). We affirm.

The Tax Court properly sustained the collection action against Sykes because he failed to raise any permissible issues or defenses at the collection due process ("CDP") hearing. *See* 26 U.S.C. § 6330(c)(2) (listing issues that may be considered at the CDP hearing); § 6330(c)(2)(B) (taxpayer may raise at the CDP hearing challenges to the existence or amount of the underlying tax liability only if he or she did not receive a notice of deficiency).

The Tax Court did not abuse its discretion by imposing against Sykes a $25,000 penalty under § 6673 for maintaining frivolous positions despite the Tax Court's repeated warnings. § 6673(a)(1) (authorizing penalty not to exceed $25,000 where taxpayer's position is frivolous or groundless); *see Wolf*, 4 F.3d at 716 (concluding Tax Court was within its discretion in imposing penalties under § 6673 against taxpayer who persisted in litigating frivolous positions following warning). We reject as unsupported Sykes's contention that the 21-day safe-harbor provision set forth in Federal Rule of Civil Procedure 11 applies to the Tax Court's imposition of penalties.

We reject as meritless Sykes's contention that he was not required to pay taxes, because his argument is based on withholding provisions applicable only to

foreign citizens.  We also reject as meritless Sykes's challenge to the Commissioner's substitute for return.

Sykes's motion to consolidate (Docket Entry No. 24) is denied as moot.

**AFFIRMED.**