NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYN S. KWOLEK, | No.   19-73098 |
| Petitioner-Appellant, | Tax Ct. No. 9731-18L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 11, 2021[**]
Pasadena, California

Before:  OWENS, R. NELSON, and BADE, Circuit Judges.

Marilyn S. Kwolek ("Kwolek") appeals from the tax court's decision

granting summary judgment to the Commissioner of the Internal Revenue Service

in her action challenging the notice of determination issued for tax years 1999

through 2008 following a collection due process ("CDP") hearing.  On appeal,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kwolek argues that she should have been allowed to dispute her underlying liability for tax years 1999 to 2004 at the CDP hearing. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo, *Severo v. Comm'r*, 586 F.3d 1213, 1215 (9th Cir. 2009), and we affirm.

The tax court properly granted summary judgment because Kwolek could not dispute the amount of her 1999–2004 tax liability during the CDP hearing. *See* 26 U.S.C. § 6330(c)(2)(B). A "person may . . . raise at the [CDP] hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." *See id.*

Here, however, Kwolek received statutory notice of the tax deficiency. *See id.* In a prior action in tax court, Kwolek sought redetermination of her 1999–2004 tax deficiencies. Following an evidentiary hearing, the tax court granted Commissioner's motion to dismiss for lack of jurisdiction—thereby sustaining the determination of the 1999–2004 tax deficiencies—because Kwolek failed to file her petition for redetermination within the required 90-day period. *See* 26 U.S.C. § 6213(a). The tax court in that prior action concluded that Kwolek was notified of the 1999–2004 tax deficiency when it was mailed to her last known address. *See* 26 U.S.C. § 6212(b)(1); *Erhard v. Comm'r*, 87 F.3d 273, 274–75 (9th Cir. 1996).

2

That decision explained Kwolek could not avoid receiving notice and as a result "hold open the 90-day window to file her petition in Tax Court simply by refusing to pick up her mail." Kwolek is thus precluded from challenging in this action whether and when she received statutory notice of the 1999–2004 tax deficiency. *See* § 6330(c)(4)(A); *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996) (per curiam). Because Kwolek cannot now reopen the issue to dispute that she received statutory notice or that she otherwise did not have the opportunity to dispute the tax liability, she cannot challenge the amount of her underlying tax liability during the CDP hearing. *See* § 6330(c)(2)(B); 26 C.F.R. § 301.6330-1(e)(4).

We do not consider Kwolek's request for an abatement because Kwolek failed to raise this issue before the tax court. *See Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir. 1995).

**AFFIRMED.**